IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ACTION BUSINESS SYSTEMS, INC.   :
                                 :
v.                               :   Civil No. WMN-03-3561
                                 :
GENERAL ELECTRIC CAPITAL         :
        CORPORATION              :

### MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendant General Electric Capital Corporation (GE Capital). Paper No. 43.[1] The motion is fully briefed. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

This action arises out of the leasing and/or purchase of office equipment. In simplified terms, Plaintiff Action Business Systems, Inc. (ABS) alleges the following. In the first few

---

[1] Also pending is a motion for sanctions filed by GE Capital. Paper No. 53. A similar motion was filed in a companion case to this case, Civil Action No. WMN-03-3562. The oppositions to those motions were due on September 12, 2005. ABS's counsel requested, and was granted, an extension until September 21, 2005, to file his oppositions. That date came and went and no oppositions were filed.
  The Court has significant concerns regarding ABS's counsel's disregard of its obligations throughout the course of this litigation. The Court is also concerned with how these cases can be brought into a posture to be ready for their November trial dates, given that the briefing of summary judgment motions has been delayed pending a ruling on the motions for sanctions. **To address these and other concerns, a conference with counsel will be held in chambers on Wednesday, October 5, 2005, at 9:30 a.m.**

months of 2003, ABS entered into agreements with eleven different customers to purchase various pieces of office equipment from ABS. ABS then sent those customers to GE Capital to obtain financing for the equipment. According to ABS, GE Capital was to make a lump sum payment to ABS for the full purchase price under each contract, and the customers were to make monthly payments to GE Capital. ABS claims that while GE Capital was getting payments from the customers, it failed to make the lump sum payments to ABS.

    GE Capital filed counterclaims against ABS, as well as a third-party claim against William Wallace, ABS's President. In support of these claims, GE Capital asserts that in July of 2002 ABS entered into an agreement to lease certain office equipment from Toshiba America Information Systems, Inc. (Toshiba). Wallace signed a personal and unconditional guarantee on the lease. Toshiba subsequently assigned its rights under the lease to GE Capital. GE Capital alleges that, while ABS made five monthly payments under the lease, it abruptly stopped making payments in April 2003. While not making payments, Plaintiff has retained the equipment. GE Capital asserts two counterclaims against ABS, one for breach of this lease agreement and the other for detinue based upon ABS's retention of the equipment. GE Capital's third-party claim against Wallace is for Wallace's alleged breach of the guarantee agreement.

2

GE Capital has now moved for summary judgment on both counterclaims and on its third party claim against Wallace.  GE Capital argues that it is entitled to judgment as a matter of law as the undisputed facts demonstrate that ABS has failed to make its required payments under the terms of the lease.  Supported by the affidavit of one of its Litigation Specialists, Debra White, GE Capital asserts it is entitled to: $243,932.62 for unpaid lease payments during the initial twelve-month lease term; $591,618.70 (at the time of the filing of the motion) in month-to-month lease payments pursuant to the "End of Term Options" clause in the lease agreement; as well as attorneys' fees incurred in bringing this action.

The sole response that ABS levels at GE Capital's summary judgment motion is the argument that GE Capital has failed to offer sufficient evidence to the Court to support the conclusion that Toshiba did, in fact, execute a valid assignment of its rights to GE Capital.[2]  ABS challenges the White Affidavit on the grounds that it was not based on personal knowledge and that it lacks documentary support.  ABS also submits the affidavits of William Wallace and Kenneth Danielczyk (ABS's Vice President and Chief Financial Officer) in which both state that they do not

---

[2] In addition to its general denial of the existence of the assignment, ABS contends that it "should be afforded the opportunity to complete discovery, and to develop additional information that could be responsive" to GE Capital's claim of assignment.  Pl.'s Opp. 10.  As GE Capital notes, however, the discovery deadline in this case has long passed and ABS elected not to conduct any discovery.

3

recall ever receiving documentation regarding the assignment of rights from Toshiba to GE Capital.  Notably, ABS does not dispute that they entered into the lease agreement, retained possession of the equipment, and yet, have not made payments under the lease since March 2003.

In replying to the opposition, GE Capital submitted more extensive affidavits and exhibits documenting the existence and explaining the terms of the assignment at issue. <u>See</u> Affidavits of Bill Lombard, Debra White, and Tammy Burns (Exh. 1, 2, and 3 to Reply).  GE Capital also observes that ABS's current denial of the existence of the assignment is seriously undermined by the fact that ABS made payments under the Lease <u>to GE Capital</u> from November 2002 through March 2003.  <u>See</u> Account Payment History as of 04/05/05)(Exh. 1 to Reply, White Aff., Exh. C).  Those payments clearly imply both knowledge of, and acquiescence to, the assignment. <u>See</u> <u>Baum Associates, Inc. v. Society Brand Hat Co.</u> 340 F. Supp. 1158 (E.D. Mo., 1972) (party that paid monies to purported assignee of a contact was held to be estopped from disclaiming the assignment).  ABS has not challenged any of these new affidavits nor GE Capital's representation that ABS made payment to GE Capital under the lease.[3]

---

[3] Ordinarily, the reply is the last pleading to be filed in briefing a motion.  Surreplys are sometimes permitted, however, when the moving party raises new issues or presents new evidence in its reply that the opposing party did not have an adequate opportunity to address in its opposition.  During the months following the filing of the reply, counsel for ABS called my chambers on numerous occasions to communicate his intent to file

4

The evidence before the Court establishes conclusively the existence of a lease agreement and a breach of that same agreement.  Furthermore, the assignment from Toshiba to GE Capital is also conclusively established.  Finding no dispute as to any material facts related to the counterclaims and third-party claim, the Court concludes that GE Capital's motion should be granted.  See <u>Bouchat v. Baltimore Ravens Football Club, Inc.</u>, 346 F.3d 514 (4th Cir. 2003) ("A party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'")(quoting Fed. R. Civ. P. 56(e)).

A separate order consistent with this memorandum will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: September 28, 2005

---

a motion for leave to file a surreply.  Despite these repeated representations that such a motion would be forthcoming, no surreply has been proffered.