IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ACTION BUSINESS SYSTEMS, INC.   :
                                :
v.                              :   Civil No. WMN-03-3561
                                :
GENERAL ELECTRIC CAPITAL        :
        CORPORATION             :

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

ACTION BUSINESS SYSTEMS, INC.   :
                                :
v.                              :   Civil No. WMN-03-3562
                                :
GENERAL ELECTRIC CAPITAL        :
        CORPORATION             :

<u>**MEMORANDUM**</u>

Defendant General Electric Capital Corporation (GE Capital) has filed a motion for sanctions against Plaintiff Action Business Systems (Action) in both of the above captioned actions. The motions are now fully briefed.  These motions for sanctions are premised upon Action's complete failure to participate in the discovery process, despite numerous extensions of time to allow Action to meet its obligations.  Upon a review of the motion and a thorough review of the record in these cases, the Court determines that these motions must be granted.

Action brought these cases in the Circuit Court for Baltimore City in the summer of 2003.  GE Capital timely removed them to this Court in December of 2003.  On December 23, 2003, this Court issued a Scheduling Order in Civil Action No. WMN-03-

3561 (the 3561 case), setting a discovery deadline of May 6,
2004.  The Scheduling Order also included a request that counsel
provide their assessment of the number of deposition hours that
would be required.  In response to that request, Action's
counsel, Barry S. Brown, argued that the case would encompass
"tens upon tens of thousands of yet-to-be discovered and,
therefore, yet-to-be reviewed documents," and "the depositions of
numerous fact witnesses . . . many of whom will most likely not
actually be identified until [GE Capital] has responded to
[ABS's] initial discovery requests."  Action's Jan. 6, 2004,
Litigation Report ¶ 3.  Mr. Brown posited the need for "as many
as 100 hours of deposition."  Id.[1]  In addition to requesting 100
hours for depositions, Action requested that the Court amend the
original scheduling order "given the inherently complex nature of
the case at hand."  Id. ¶ 4.

Before the Court could respond to that last request, the
parties filed a joint request to amend the Scheduling Order in
the 3561 case which the Court granted on January 28, 2004.  Under
the Amended Scheduling Order, fact discovery was to be completed
by August 6, 2004.

Shortly after the case was removed to this Court, GE Capital
filed a third party complaint against William Wallace, Action's

---

[1] In contrast, GE Capital's counsel estimated that 12 hours
of deposition would be sufficient.

President.  On January 29, 2004, Mr. Brown, having indicated that
he would be representing Wallace as well, moved for an extension
of time to answer the third party complaint.  As his reason for
the request, Mr. Brown stated that he had been "ill for a
protracted length of time and as a result, has missed a
significant amount of time from the office."  The Court granted
the request.

At the parties' joint request, the undersigned referred both
of the above captioned cases to mediation before Magistrate Judge
Susan Gauvey in August of 2004.  The Court also stayed both
proceedings pending the completion of that mediation.  Judge
Gauvey sent out a letter on August 12, 2004, setting the
mediation for October 5, 2004.  Consistent with her standard
practice, she also ordered each counsel to submit to her, by
September 7, 2004, a letter setting out an evaluation of the
strengths and weaknesses of their client's case, and their
assessment of likely damages.  Due to Mr. Brown's failure to
submit his letter as ordered, Judge Gauvey twice had to postpone
the mediation.  When Mr. Brown again failed to supply the ordered
letter, the reference for mediation was terminated on December
13, 2004.

With the opportunity to resolve this matter by mediation
lost, the Court lifted the stay and issued new scheduling orders
in both cases on January 19, 2005.  Under these orders, factual

discovery in both cases was to be completed by June 17, 2005.
The Court also set trial dates of November 14, 2005, for the 3561
case, and November 28, 2005, for Civil Action No. WMN-03-3562
(the 3562 case).

On February 10, 2005, GE Capital filed a motion to dismiss
the amended complaint in the 3562 case.  Two days before the
opposition to that motion was due, Mr. Brown filed a motion to
extend the time to do so, representing that he "recently missed a
significant amount of time from the office, due to a protracted
case of the flu, and a subsequently developed sinus infection,
that can only be described as nothing less than severe."  As a
result, he asserts that he "missed large parts of the last four
to five weeks from the office."  The Court granted Mr. Brown's
motion for additional time to file his opposition and the
underlying motion to dismiss was ultimately granted in part and
denied in part.

On April 26, 2005, GE Capital served on Action its
Interrogatories and Requests for Production of Documents in
connection with Action's claims in the 3561 case.  On May 18,
2005, GE Capital served its Interrogatories and Requests for
Production of Documents on Wallace in connection with GE
Capital's counterclaim and third party claims in the 3561 case
and on Action in connection with Action's claims in the 3562
case.  On May 19, 2005, GE Capital served notices in both cases
for the deposition of William Wallace and Action's corporate
designee.  Mr. Brown to this date has never served any discovery

requests on GE Capital.

Around the same time that GE Capital was serving its discovery requests, it also filed a motion for summary judgment on its counterclaim and third party claim in the 3561 case. On May 9, 2005, Mr. Brown requested an extension of time to respond to the motion, representing that his illness earlier in the year had caused him to miss "large parts of approximately eight weeks from the office." Over objection, the Court granted Mr. Brown the requested extension of time to file his opposition.

On September 28, 2005, the Court issued a memorandum and order granting GE Capital's motion for summary judgment on its counterclaim and third-party claim in the 3561 case. On the same date, the Court also issued a memorandum and order in the 3562 case granting a motion filed by GE Capital for judgment on the pleadings as to six of Action's seven claims.

While these partially dispositive motions were pending, GE Capital filed the two motions for sanctions that are the subject of this memorandum. Citing Mr. Brown's complete failure to respond to its discovery requests, despite repeated promises to do so, GE Capital asks the Court to enter default judgment in its favor as to all claims. In the alternative, GE Capital asks that the Court prohibit Action from introducing at trial any evidence that was sought in discovery or from calling as a witness any individual that GE Capital sought to depose but was unable to do so because of the lack of written or documentary discovery.

Under the Local Rules, Action's opposition to the motions for

sanctions was due on September 12, 2005.  Two days after that
deadline passed, the parties filed a stipulation that included a
provision that Action would have until September 21, 2005, to file
any opposition to the motion for sanctions.  Despite this
extension, when the Court issued its memorandum opinions on
September 28, 2005, Action had yet to oppose the motions for
sanctions.  Noting the pendency of these unopposed motions for
sanctions and citing other concerns regarding Action's failure to
fulfill its obligations throughout this litigation, the Court set
a conference in chambers for October 5, 2005, to address these
matters.  See Sept. 28, 2005, Mems. at 1 n.1.

       As of the date of the conference, Action had yet to file any
opposition to the motions for sanctions.  When the undersigned
inquired at the conference about this lack of opposition and, more
generally, about Action's repeated failures to fulfill its
obligations in litigating these actions, Mr. Brown responded with
vague reference to health problems he has experienced, as well as
the recent deaths of several friends and clients.   Mr. Brown
requested additional time to respond in writing to the motions for
sanctions, a request that the Court granted.  On October 11, 2005,
Mr. Brown finally filed his written opposition to the motions for
sanctions.  The written response reiterated, again in fairly
general terms, that Mr. Brown has "endured a series of health
problems" that have caused him to miss considerable time from the

office.[2]  Action requests an extension of time until October 21,
2005, to respond to the discovery and states that it "would also
appear to have no alternative than to request that the current
trial date be moved."

Rule 37(d) of the Federal Rules of Civil Procedure provides
that if a party fails to serve answers or objections to
interrogatories properly submitted under Rule 33 or to serve a
written response to a request for inspection under Rule 34, the
court may enter an order "refusing to allow the disobedient party
to support or oppose designated claims or defenses, or prohibiting
that party from introducing designated matters in evidence" or
"rendering a judgment by default against the disobedient party."
See Fed. R. Civ. P. 37(b)(2) and (d).  "Federal courts possess
great discretion to sanction parties for failure to obey discovery
orders."  Chambers v. NASCO, Inc., 501 U.S. 32 (1991).  That
discretion, however, is guided by consideration of the following
factors:

1) whether the noncomplying party acted in bad faith;

2) the amount of prejudice his noncompliance caused his
adversary, which necessarily includes an inquiry into the
materiality of the evidence he failed to produce;

3) the need for deterrence of the particular sort of

---

[2] Understandably, Mr. Brown expresses his reluctance to
"reduce to writing" the specifics of his health condition in a
pleading to be filed in a federal court.  The Court notes that it
scheduled an off-the-record chambers conference, in part, to
avoid placing Mr. Brown in that uncomfortable position.

noncompliance; and

    4) the effectiveness of less drastic sanctions.

Mutual Federal Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872

F.2d 88, 92 (4th Cir. 1989).

    In assessing whether Action, through counsel, was acting in

bad faith, the Court finds it helpful to contrast what transpired

here with what the Court would consider acting in good faith.

When one initiates litigation, it is good faith to be prepared to

conduct that litigation with reasonable diligence and speed.  When

health or personal crises render it temporarily difficult to meet

the normal obligations of litigation, good faith would dictate

that counsel candidly inform the Court and opposing counsel of

those crises and seek appropriate extensions.  The Court notes

that in each instance where Mr. Brown did so, the Court granted

his request.  When health or personal crises are magnified to the

extent that counsel becomes completely unable to function for a

lengthy period of time, however, good faith would mandate that the

client obtain substitute counsel or, at a minimum, co-counsel to

assure that the litigation goes forward in a reasonable manner.

    Here, Action instituted these actions and haled GE Capital

into Court over two years ago.  Action stated at the outset that

this litigation was "inherently complex" and argued that it would

entail a tremendous amount of effort and time to complete

discovery.[3]  Despite that initial assessment, however, Action does

---

    [3] This "inherent complexity" has been employed by Action
since the inception of these cases to urge the Court to stretch

not appear to have taken a single step to move discovery forward.

Mr. Brown must have known for some time that he was unable to meet his obligations.  This is not the situation where a sudden medical emergency excuses performance.  Mr. Brown's health issues have been used as a reason or excuse for his failure to meet various obligations since as early as January 2004.[4]  While Mr. Brown invoked his illness as grounds to obtain brief extensions of time to file various pleadings, it was not until the conference on October 5, 2005, that Mr. Brown even hinted to the Court why he was unable to respond to discovery.  While the reasons now offered might have had some merit if timely presented, they carry much less force when offered as an excuse one month before trial.

As for prejudice, Action's complete failure to produce discovery would force GE Capital to proceed to trial completely in the dark as to the basis for Action's claims.  This is particularly true in the 3562 case where Action bases its contract claim on a memorandum that it referenced in its complaint but has failed to produce.  There can be no question that Action's failure

---

out the schedule.  The Court notes that in a typical civil action it is generally in the best interests of the defendant and not the plaintiff to slow down litigation and delay the entry of whatever judgment might ultimately be imposed.  Here, however, GE Capital's counterclaims are for amounts well beyond that of Action's claim, thus reversing the more typical incentives for delay.

[4] Mr. Brown alludes to a major health event in early 2004 but also refers to what the Court must assume to be a second major health event in early 2005.  Mr. Brown's limited candor makes it difficult to determine if these two events are related or to what extent Mr. Brown's health and capabilities were impaired between these two events.

to produce any discovery has prejudiced GE Capital.

The need for deterrence in similar situations dictates that there must be some significant sanction imposed here.  If Action can do nothing for two years and then come to Court on the eve of trial and obtain the delay that it has been seeking since the inception of this litigation, other litigants would have little incentive to timely comply with discovery rules or the orders of this Court.

As for the appropriate sanction, the Court would be inclined to simply prohibit Action from introducing at trial the evidence that was sought in discovery but not produced and from calling as witnesses those individuals that GE Capital was unable to meaningfully depose because of the lack of written or documentary discovery.  For most discovery abuses, that is an appropriate and adequate remedy.  In this instance, however, the result of excluding that evidence would end up being the same as entering a default judgment against Action on its claims as Action cannot establish any of its claims without that excluded evidence and testimony.  Proceeding to further motions practice or a trial with Action so restricted would only further increase the costs of GE Capital and waste more of this Court's time and resources.

For these reasons, the Court concludes that it must grant GE Capital's motions for sanction and will enter default judgment against Action on all of its claims.[5]  Separate orders consistent

---

[5] As a further sanction, GE Capital has asked that the Court award to it the fees it incurred in filing the motions for

with this memorandum will issue in both of the above captioned
actions.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: October 18, 2005

---

sanctions.  Given the severity of the sanctions already imposed,
the Court will decline to award this relief.  The Court notes
that by obtaining judgment by default, GE Capital has been able
to avoid the time and expense of filing further motions or
preparing for trial.