```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


ACTION BUSINESS SYSTEMS, INC.    :
                                 :
v.                               :   Civil No. WMN-03-3561
                                 :
GENERAL ELECTRIC CAPITAL         :
         CORPORATION             :

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

ACTION BUSINESS SYSTEMS, INC.    :
                                 :
v.                               :   Civil No. WMN-03-3562
                                 :
GENERAL ELECTRIC CAPITAL         :
         CORPORATION             :
```

**MEMORANDUM**

On October 18, 2005, this Court issued a memorandum and order in both the above captioned cases imposing sanctions on Plaintiff based upon Plaintiff's complete failure to participate in the discovery process. In both cases, the Court entered judgment in favor of Defendant on all of Plaintiff's remaining claims. In Civil Action No. WMN-01-3561, the Court also ordered Defendant to submit a proposed final order setting forth the amount it asserts it was due under its counterclaim and third party claim.

Defendant, as requested, submitted its proposed order on October 28, 2005. On November 14, 2005, Plaintiff filed motions in both actions asking the Court to reconsider its October 18, 2005, decision. On that same date, Plaintiff also filed

objections to Defendant's Proposed Order.  Both matters are now ripe.

The Court's first observation concerning Plaintiff's motion for reconsideration is that it is untimely.  Under the Local Rules, motions to reconsider are to be filed "not later than 10 days after entry of the order."  Local R. 105.10.  Plaintiff missed that date by more than two weeks, which is particularly disturbing given the nature of the conduct that led to the order Plaintiff now seeks to have this Court reconsider.

In addition to its untimeliness, the motion is without merit.  The gist of Plaintiff's counsel's argument is that it would be an injustice to penalize Plaintiff, "an innocent party," for the acts or omissions of Plaintiff's counsel.  Mot. 2.  This very argument, however, has been consistently rejected by federal courts, including the Supreme Court:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962)(quoting Smith v. Ayer, 101 U.S. 320, 326 (1879)); see also United States v. Mystic Fuel, Inc., 622 F. Supp. 601, 604-05 (D. Md. 1985).

The motions for reconsideration will be denied.

Plaintiff's objections to Defendant's proposed order in Civil Action No. WMN-03-3561 are equally meritless.  Plaintiff argues that: (1) Defendant's calculations account for only four of the five payments that Plaintiff made to Defendant under the Lease Agreement; and (2) the inclusion of any amounts due after the one year term of the lease is improper because the contract was subject to a lease buyout for the sum of one dollar.  Mem. in Opp. to Order 3 (citing Lease Agreement 1, "Purchase Option at End of Term," with $1 option checked).

Plaintiff's allegation of four, not five, payments credited is factually wrong.  Throughout this litigation, Defendant has sought payment for only seven of the original twelve monthly payments.  See Def.'s Mot. for Summary Judgment, Exh. C attached to Affidavit of Debra White (crediting payments for 11/1/2002, 12/1/2002, 1/1/2003, 2/1/2003 and 3/1/2003 and showing 7 payments outstanding).  Nor is Plaintiff's second argument supported by the record.  While the lease provides for a $1 purchase option, it provides elsewhere,

> [i]n the case of a $1 Lease and <u>if you are not in default</u>, we will release any security interest which we may have in the Equipment at the end of the term. . . .  This Lease shall continue on a month-to-month basis and you shall pay us the same Lease Payments and Lease Charges as applied during the Term until the Equipment is returned to us and you pay us the applicable purchase price.

Lease Agreement 2 (emphasis added).  Here, Plaintiff was in default at the end of the lease and Plaintiff points to nothing

3

in the record indicating that Plaintiff exercised the end of term purchase option or that it returned the Equipment in the manner prescribed by the Lease Agreement.

Beyond the factual inaccuracies attending Plaintiff's current arguments, these arguments are untimely.  Defendant moved for summary judgment in April of 2005 advancing these same methods of calculation.  Plaintiff raised no objections to those calculations, its opposition focusing exclusively on the validity of the assignment of the Lease from Toshiba to GE Capital.  This is not the occasion to raise new issues for the first time.

Separate orders consistent with this memorandum will issue in both of the above captioned actions.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: January 17, 2005